**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Criminal Action No. CCB-19-0036 |
| v. | * | |
| | * | |
| DOMANEEK BRADLEY, *et al.* | * | |
| | *** | |

**MEMORANDUM and ORDER**

Various pretrial motions are pending in this case. As discussed with counsel, current public health concerns related to the coronavirus pandemic make it impractical to conduct a multi-defendant hearing in the courthouse. Accordingly, in the rulings below I have attempted to address most of the pending motions filed by defendants who have not entered guilty pleas and for which taking evidence is not required. Having reviewed counsels' correspondence, it appears there is general agreement as to which motions may be resolved on the papers. I am aware that Gary Creek's counsel has taken the position that evidence is required as to the legality of certain searches even though they were authorized by a warrant (*see* ECFs 493, 504), but I am not persuaded that this position is correct as to the motions addressed below. My rulings follow.

I.   **Motions to Sever**: Cawthorn (ECF 341) and Creek (ECF 395)

The defendants, all charged in Count I of the indictment as members of the same drug trafficking conspiracy, are properly joined under Fed. R. Crim. P. 8(b). *United States v. Akinkoye*, 185 F.3d 192, 197 (4th Cir. 1999). That the evidence against some defendants may be stronger than the evidence against other defendants, or that some evidence may be admissible against one defendant but not another, does not justify a severance under Fed. R. Crim. P. 14. *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012). The "clear prejudice" required to justify a severance has not been shown here. *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir.

1

2018).  Limiting instructions of course may be requested as appropriate, but the motions for

severance filed by Cawthorn and Creek, and any encompassed by other defendants' motions to

adopt, are Denied.

II.      **Motion to Disclose Co-Defendant/Co-Conspirator Statements**: Tunnell (ECF 330)

There is no requirement in this Circuit for a pretrial determination of the admissibility of

coconspirator statements.  *See United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983).  The

government states it is aware of and has or will comply with its obligations under *Brady* and

*Giglio*.  Specifically, witness statements and related *Giglio* material will be disclosed a week

prior to trial.  Nothing more is required.  Accordingly, Tunnell's motion, and any encompassed

by other defendants' motions to adopt, are Denied.

III.     **Motion to Disclose Rule 404(b) & Rule 609 Evidence**: Tunnell (ECF 328)

The government does not at this time intend to offer in its case-in-chief any evidence it

believes would fall under Rule 404(b), nor evidence of any acts, that have not been disclosed to

the defendants in discovery.  Further, the government does not at this time intend to offer

evidence of any defendant's prior conviction in its case-in-chief.  Appropriate notice must be

given if the government changes those plans, but at this time Tunnell's motion, and any

encompassed by other defendants' motions to adopt, are Denied as moot.

IV.      **Motion for Disclosure under Fed. R. Crim. P. 12**: Tunnell (ECF 327)

Some of the materials requested by Tunnell have been provided by the government, or

will be provided under *Brady* and *Giglio*.   The government has no discovery items responsive to

other requests, and the final request is too broad to permit a meaningful response.  Accordingly,

Tunnell's motion, and any encompassed by other defendants' motions to adopt, are Denied.

V.      **Motion to Review Witness Backgrounds**: Tunnell (ECF 331)

The government will be expected, at the appropriate time, to comply with its *Giglio* obligations as to the witnesses it calls at trial.  Tunnell's motion, and any encompassed by other defendants' motions to adopt, are Denied.

VI.     **Motion for Bill of Particulars**: Creek (ECF 394)

The indictment in this case adequately sets forth the elements of the offense.  More importantly, the government has provided extensive discovery and met with most defendants and counsel to proffer the government's theory as to each defendant's culpability.  The government also offers legitimate concern about the safety of cooperating witnesses if the specifics of their identity and testimony are revealed too far in advance of trial.  A bill of particulars is not required under these circumstances.  Accordingly, Creek's motion, and any encompassed by other defendants' motions to adopt, are Denied.[1]

VII.    **Motion to Suppress – Black LG Flip-Phone**: K. Moore (ECF 377)

Keishonne Moore moves to suppress evidence obtained during the search of the cellphone taken from him in connection with his arrest on the federal indictment on January 29, 2019.  The search was conducted pursuant to a warrant issued by then-Magistrate Judge Stephanie Gallagher on February 22, 2019.  (ECF 476-8, Ex. 7).  Without specific argument, Moore contends that the affidavit lacked probable cause and was facially deficient.  To the contrary, the affidavit contained substantial information about the narcotics conspiracy, Moore's involvement in that conspiracy, and the likely connection of the cellphone to the conspiracy.

---

[1] The court is aware of the request by Cawthorn's counsel in his letter filed September 13, 2020, for early disclosure of Jencks and notice of all acts in furtherance of the conspiracy.  (ECF 494).  That request may be further discussed at a date closer to trial.  Creek's concern about the volume of discovery (*see* ECF 492 at 7) may be addressed through early production of a draft exhibit list.  That possibility also may be discussed with counsel at a later date.

The affidavit set forth ample probable cause, and neither the affidavit nor the warrant has been shown to be deficient in any respect.  Accordingly, the motion is Denied.

VIII.   **Motion to Suppress – Search of Social Media**: Creek (ECF 429)

On August 2, 2019, Judge Gallagher issued a warrant to search various social media accounts, including Creek's Instagram account.  (ECF 476-7, Ex. 6).  The affidavit fully set forth Creek's involvement in the drug conspiracy, the way in which members of the conspiracy used social media to communicate, and the likelihood that the Instagram account would contain relevant pictures of associates, gang clothing, guns, money, and drugs.  The timespan requested (from January 1, 2017, to the present) was reasonable based on the activity described in the affidavit; the veracity of the confidential source was sufficiently explained and corroborated; and the concerns set forth in *United States v. Pratt*, 915 F.3d 266, 271 (4th Cir. 2019), are not applicable to the search of a social media account, where no possessory interest like that in a personal cell phone is involved.  Accordingly, the motion is Denied.

IX.   **Motion to Suppress – Tracking Warrant**: Creek (ECF 398)

On September 5, 2019, Magistrate Judge Mark Coulson issued a tracking warrant for Creek's cellphone ending in the digits 7290.  (ECF 476-5, Ex. 4).  The affidavit contained ample probable cause, the warrant was valid, and the motion is Denied.

X.   **Motion to Suppress – Search of Five Cellphones**: Creek (ECF 428)

On November 26, 2019, Creek was arrested pursuant to a warrant on a federal affidavit and complaint.  Five cellphones were seized from him in the course of his arrest.  On December 5, 2019, he was named in a superseding indictment charging conspiracy to distribute narcotics and conspiracy to possess a firearm in furtherance of drug trafficking.  On December 13, 2019, Magistrate Judge Beth Gesner issued a warrant to search the five phones for evidence of Creek's

alleged drug trafficking.  (ECF 476-6, Ex. 5).  The affidavit fully set forth Creek's involvement

in drug trafficking, his possession of firearms, his connections to others already charged in the

federal indictment, and the likelihood that relevant evidence would be found in the cellphones.

The seventeen-day delay in obtaining the warrant was not unreasonable nor does it justify

exclusion of evidence obtained from the phones in light of the government's strong basis to

conclude they would contain evidence of criminal activity and in light of the fact that Creek did

not ask for the phones to be returned.  *See Pratt*, 915 F.3d at 271–72.  Accordingly, the motion is

Denied.

***

In its status report (ECF 503), the government identifies ECF 342 as a motion that can be

resolved without testimony and ECF 343 as a motion requiring evidence.  It appears to me,

however, that ECF 342 involves a search of a phone taken during a warrantless arrest on August

3, 2018, whereas ECF 343 relates to an arrest and search on August 28, 2018, which were based

on a warrant.  I ask the government to clarify its position.  Further, the motion to supplement

(ECF 512) filed by Creek is Granted.  It appears the Motion to Suppress as to Homestead Street

(ECFs 490, 520) is now ready for a response from the government as well.  Counsel for the

government, after consulting with defense counsel, should file a status report as to outstanding

motions by November 20, 2020.

So Ordered this  12th  day of November, 2020.

_____<br>
/s/<br>
Catherine C. Blake<br>
United States District Judge