IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-19-36 |
| | * | |
| CORREY CAWTHORN, et al. | | |
| | ****** | |

## MEMORANDUM AND ORDER

Various pretrial motions remain pending in this case, many of which require an evidentiary hearing in the courtroom, which to date has not been possible due to the coronavirus pandemic. The court entered an order resolving certain motions on November 12, 2020. (ECF 534). It appears from a review of the record that several of the remaining motions are ready for a ruling without an evidentiary hearing. Those are addressed below.

**1.    Motion to Adopt—Dasean Johnson (ECF 384)**

To the extent Johnson seeks to adopt co-defendants' motions that have been denied or are not relevant to Johnson, the motion is Denied. To the extent there remain co-defendants' motions which are open and relevant to Johnson, the motion to adopt is Granted.

**2.    Motions to Suppress**

**a. Gary Creek—1315 Homestead Street (ECF 490, 520)**

The government at this time does not intend to introduce any evidence from the February 7, 2019, search of 1315 Homestead Street. (ECF 552 at 3). Accordingly, the motion (ECF 490) is Denied as moot.

**b. Correy Cawthorn—3201 Massachusetts Avenue (ECF 343)**

On August 11, 2018, Cawthorn was arrested at his residence on 3201 Massachusetts Avenue in Baltimore, Maryland, pursuant to a state court warrant issued that same day. The arrest warrant is not in the record, but is referenced in the search warrant issued by a Baltimore County

1

Circuit Court Judge on August 28, 2018, for a search of 3201 Massachusetts Avenue. (ECF 476-3, Ex. 2). A pink and white iPhone apparently was seized from Cawthorn pursuant to his arrest on August 11, 2018, and a separate search warrant for that phone was issued by a Baltimore County Circuit court judge on September 4, 2018. (ECF 476-4, Ex. 3) Cawthorn seeks to suppress evidence gathered from his arrest, from the search of his home, and from the search of the iPhone.

Cawthorn's arrest arose out of the investigation of a shooting that occurred on August 11, 2018. As described in the application and affidavit seeking the search warrant for the home, Cawthorn was identified by the victim, and the identification was corroborated by another eye-witness description, dash cam video of the suspect, and Cawthorn's picture on social media in a distinctive article of clothing which matched the victim's description of Cawthorn's clothing and clothing worn by the individual identified in the dash cam video. In addition to this probable cause for the arrest, the affidavit outlined the reasons why, in the affiant's training, knowledge, and experience, certain kinds of evidence of the shooting might be found in Cawthorn's home.

In summary, there was ample probable cause to support the August 11, 2018, arrest of Cawthorn, the seizure of the phone pursuant to arrest, and the search of his home pursuant to the August 28, 2018, warrant. In the alternative, if any deficiency were found in the warrants, the good faith exception in *United States v. Leon*, 468 U.S. 897 (1984) would apply. *United States v. DeQuasie*, 373 F.3d 509, 519 (4th Cir. 2004).

The record is less clear regarding the search of the pink and white iPhone. It appears the phone was seized on August 11, 2018, but the warrant to search the phone was not obtained until some 24 days later. (ECF 476-4, Ex. 3). If that is correct, there is not sufficient evidence in the record for the court to evaluate the reasonableness of that delay. Apparently Cawthorn never asked for the return of the phone, but the government does not provide an explanation for why the warrant

was not obtained more quickly. *See United States v. Pratt*, 915 F.3d 266, 271 (4th Cir. 2019); *United States v. Burton*, 756 F. App'x 295, 300 (4th Cir. 2018); *Thomas v. United States*, 775 F. App'x 477, 489 (11th Cir. 2019).[1] Accordingly, the motion to suppress is Denied as to the arrest and the search of the home, but Reserved as to the search of the iPhone.

So Ordered this  1st   day of April, 2021.

                                        /S/
                                        Catherine C. Blake
                                        United States District Judge

---

[1] Unpublished opinions are cited for the soundness of their reasoning and not for any precedential value.