USDC- BALTIMORE
'23 SEP 13 PM 12:38

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Cruddy Conniving Crutball or "CCC" is an Enterprise primarily based in east Baltimore City founded around 2014. The Enterprise's main purpose was to commit violent acts to promote the reputation of the Enterprise and to command respect from the neighborhood. The Defendant, Correy CAWTHORN, is a member of the Enterprise and has been a member of the Enterprise since at least October 2015. He and other defendants are responsible for more than a dozen murders and numerous non-fatal shootings, robberies, and carjackings between 2015 and 2020.

The Enterprise benefitted financially from, and affected interstate commerce by, selling narcotics, murdering drug dealers, taking contract killings, and engaging in street robberies. The Enterprise also robbed dice games for cash and occasionally carjacked vehicles. Members of the Enterprise would divide the proceeds of the robberies and murders among members who participated, and often contact each other to commit a robbery if that member needed money.

The Enterprise routinely used social media to identify and locate victims, and to communicate with each other and share information so each member could be aware of possible retaliation. If a member was arrested, other members of the Enterprise would start new communication group chats or threads out of fear of law enforcement finding previous threads from an arrested member and following other members. The Enterprise also existed to conceal their acts.

The Enterprise used at least fourteen firearms to commit crimes, often trading with each other or other groups to avoid detection through ballistic evidence. They limited conversations about criminal plans to members of the Enterprise regardless of the danger such acts posed to associates. Enterprise members also critiqued each other after committing crimes regarding ways to improve their actions.

At least two or more members of the enterprise agreed to commit the following racketeering acts in furtherance of the Enterprise, which are linked together through cell-site information, ballistic evidence, witness testimony, and the contents of the Defendant's and conspirators' cellphones and social media accounts. Specifically, to further the Enterprise, the Defendant participated in the following events:

- the June 1, 2016 attempt murder of A.F. in the 3200 block of Tivoly Avenue as directed by Gary Creek in pursuit of a $10,000 contract for A.F.'s life;

- the June 13, 2017, murder of Antonio Griffin and Tereze Pinkney and attempt murder of C.S. and A.M. in the 1200 block of Bonaparte Avenue;

Rev. August 2018

- the August 11, 2017 murder of Thomas Johnson, a rival gang member, in the 4100 block of Chesterfield Avenue;

- the murder of Devonte Monroe on August 19, 2017 in the 1700 block of Durham Street. The firearm that killed Monroe, a Springfield XD-9, 9mm handgun bearing serial number GM714614, was recovered from a vehicle operated by CAWTHORN on September 4, 2017; and

- the attempt murder of K.T. on August 11, 2018, in the 3000 block of Lavender Avenue.

In addition to these violent acts, the Defendant also agrees that he agreed to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846 and that it was reasonably foreseeable that the Enterprise would be responsible for possessing with the intent to distribute over 280 grams of crack cocaine. Evidence of this agreement includes controlled buys by ATF agents in and around the Enterprise's territory; pole camera footage of the drug shop; and social media posts.

The Defendant agrees that he knowingly and willfully became a member of the agreement to participate in the enterprise and that he agreed to commit two racketeering acts, as that term is defined in 18 U.S.C. § 1961(1), including the racketeering acts discussed above. The Defendant also agrees that it was reasonably foreseeable to him that a victim could be murdered or shot during the course of the conspiracy.

All events occurred in the District of Maryland.

Rev. August 2018

SO STIPULATED:

_____
Patricia McLane
Assistant United States Attorney

_____
Correy Cawthorn, Defendant

_____
Anthony Martin, Esq., Counsel for Defendant